UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN GRAY, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>PARAMOUNT GLOBAL, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; PARAMOUNT STREAMING SERVICES INC., a Delaware corporation; and DOES 1-10,<br><br>                Defendants. | Case No. 1:25-cv-03484-JSR |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Paramount Global, Paramount Pictures Corporation, and Paramount Streaming Services, Inc. ("Defendants") hereby request that the Court take judicial notice of the following documents in connection with their concurrently-filed motion to dismiss:[1]

1. The U.S. Copyright Office's registration for *Top Gun: Maverick*. A true and correct copy of the certificate of registration is attached as **Exhibit A** to the Declaration of Molly M. Lens, and a true and correct copy of its entry in the Copyright Office's Official Public Catalog is attached as **Exhibit B.**

2. The U.S. Copyright Office's preregistration for *Top Gun: Maverick*. A true and correct copy of the Copyright Office's email confirmation of the preregistration[2] is attached as **Exhibit C** to the Declaration of Molly M. Lens, and a true and correct copy of its entry in the Copyright Office's Official Public Catalog is attached as **Exhibit D.**

These documents qualify for judicial notice because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of copyright registrations, a practice that the Second Circuit has expressly approved. *E.g.*, *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) ("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry."); *TCA Television Corp. v. McCollum*, 839 F.3d 168, 172 (2d Cir. 2016) (taking judicial notice of copyright registrations); *Telebrands Corp. v. Del Lab'ys, Inc.*, 719 F. Supp. 2d 283, 287 n.3

---

[1] At the June 2, 2025 telephone conference, the Court gave Defendants leave to file this request for judicial notice in connection with their motion to dismiss.

[2] Standalone certificates are issued only for registrations, not preregistrations.

(S.D.N.Y. 2010) ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office.").

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through D to the Declaration of Molly M. Lens pursuant to Federal Rule of Evidence 201.

Defendants also request that the Court consider in evaluating their motion to dismiss the following documents that are incorporated by reference into the Complaint and/or integral to the Complaint. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021):

1. The final screenplay for *Top Gun: Maverick*, a true and correct copy of which is attached as **Exhibit E** to the Declaration of Molly M. Lens. This is one of two works for which Plaintiff seeks a declaration of joint authorship and ownership in his Complaint, and it is referenced nearly 70 times throughout the Complaint.

2. The contract between Eric Singer and Paramount Pictures Corporation concerning Singer's contemplated work on *Top Gun: Maverick*, a true and correct redacted copy[3] of which is attached as **Exhibit F** to the Declaration of Molly M. Lens. The content of this contract is discussed repeatedly in the Complaint, *e.g.*, Compl. ¶¶ 7, 20, 27, 42.

3. The so-called "Gray Scenes," true and correct copies of which (as produced by Plaintiff) are attached as **Exhibits G to U** to the Declaration of Molly M. Lens. The Gray Scenes are the underlying works on which Plaintiff's infringement claim is premised, and they are referenced more than 20 times in the Complaint.

---

[3] As discussed during the June 6 telephonic conference, sensitive commercial information that is irrelevant to this motion has been redacted from the contract to facilitate its filing on the public docket.

Dated: June 9, 2025

By: */s/ Molly M. Lens*

O'MELVENY & MYERS LLP
Molly M. Lens
mlens@omm.com
Matthew Kaiser (admitted *pro hac vice*)
mkaiser@omm.com
1999 Avenue of the Stars, 8th Fl
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Danielle Feuer
dfeuer@omm.com
1301 Avenue of the Americas, Ste 1700
New York, New York 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendants Paramount Global, Paramount Pictures Corporation, and Paramount Streaming Services, Inc.*