**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAUN GRAY, an individual, | Civil Action No. 1:25-cv-03484-JSR |
| Plaintiff, | |
| vs. | **PLAINTIFF'S ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |
| PARAMOUNT GLOBAL, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; PARAMOUNT STREAMING SERVICES INC., a Delaware corporation; and DOES 1-10, | |
| Defendants. | **JURY TRIAL DEMANDED** |
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation, | |
| Counterclaim-Plaintiff, | |
| vs. | |
| SHAUN GRAY, an individual, | |
| Counterclaim-Defendant. | |

Counterclaim-Defendant Shaun Gray ("Gray"), by and through his undersigned counsel, answers the Counterclaims of Paramount Pictures Corporation ("PPC") as follows. Except as expressly admitted herein, Gray denies each and every allegation of the Counterclaims and denies that PPC is entitled to any relief whatsoever.

## NATURE OF THE CLAIMS

1. Gray denies the allegations of paragraph 1.

2. Gray denies the allegations of paragraph 2.

3. Gray denies the allegations of paragraph 3.

## PARTIES

1

4.      Gray admits the allegations of paragraph 4.

5.      Gray admits the allegations of paragraph 5.

## JURISDICTION AND VENUE

6.      The allegations of paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Gray contests PPC's Article III standing to bring suit under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

7.       The allegations of paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Gray contests PPC's Article III standing to bring suit under 28 U.S.C. § 1367, as well as that PPC's copyright claim, arising solely from conduct in 2017, shares a common nucleus of operative facts with its fraud claim, which the Court has held arose in 2023, as well as that the exercise of supplemental jurisdiction is proper or warranted.

8.      The allegations of paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, Gray admits he is domiciled in New York.

9.      The allegations of paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Gray does not contest venue.

## FACTUAL ALLEGATIONS

10.      Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11.      Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12.      Gray admits that PPC released the motion picture Top Gun in 1986; he lacks knowledge or information sufficient to form a belief regarding the remaining allegations of

paragraph 12 and therefore denies the same.

13.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies the same.

14.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

15.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the same.

16.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the same.

17.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies the same.

18.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies the same.

19.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies the same.

20.    Gray admits that PPC undertook development of a sequel to Top Gun. Gray lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 and therefore denies the same.

21.    Gray admits only that PPC engaged Peter Craig and Justin Marks to prepare drafts related to a Top Gun sequel. He lacks knowledge or information sufficient to form a belief regarding the remaining allegations of paragraph 21 and therefore denies the same.

22.    Gray admits that PPC engaged Eric Singer to work on a screenplay draft related to a Top Gun sequel. Gray lacks knowledge or information sufficient to form a belief as to the truth

of the remaining allegations of paragraph 22 and therefore denies the same.

23.     Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies the same.

24.     Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies the same.

25.     Gray admits only that PPC later engaged Ehren Kruger and Christopher McQuarrie to work on subsequent drafts related to a Top Gun sequel. He lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 25 and therefore denies the same.

26.     Gray admits that Top Gun: Maverick was theatrically released on May 27, 2022.

27.     Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies the same.

28.     Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

29.     Gray admits that he made creative, written contributions to scenes for the screenplay development during 2017 and denies any characterization that is inconsistent with his Complaint. He denies the remaining allegations of paragraph 29.

30.     Gray admits that he agreed with Singer to contribute written scenes and creative material for the screenplay and denies any characterization inconsistent with his Complaint. Gray denies the remaining allegations of paragraph 30.

31.     Gray denies paragraph 31.

32.     Gray admits that in January 2023 he communicated with PPC regarding his contributions. He denies the remaining allegations of paragraph 32.

33.    Gray denies paragraph 33.

34.    Gray denies paragraph 34.

35.    Gray denies paragraph 35.

36.    Gray denies paragraph 36.

37.    Gray denies paragraph 37.

38.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies the same.

39.    Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the same.

40.    Gray admits only that he became aware in or about late 2019 that WGA credit arbitration would occur. He denies the remaining allegations of paragraph 40.

41.    Gray admits that he performed staff writing services for PPC on Shantaram pursuant to a written agreement. He denies the remaining allegations of paragraph 41.

42.    Gray denies paragraph 42.

43.    Gray denies paragraph 43.

44.    Gray denies paragraph 44.

45.    Gray denies paragraph 45.

46.    Gray denies paragraph 46.

47.    Gray denies paragraph 47.

48.    Gray denies paragraph 48.

49.    Gray admits that he authored original scenes and creative material during 2017. He denies the remaining allegations of paragraph 49.

50.    Gray denies paragraph 50.

51.     Gray denies paragraph 51.

52.     Gray denies paragraph 52.

53.     Gray denies paragraph 53.

54.     Gray denies paragraph 54.

55.     Gray denies paragraph 55.

56.     Gray denies paragraph 56.

57.     Gray denies paragraph 57.

58.     Gray admits only that he authored original material on or about the dates identified in his Complaint; he denies any characterization inconsistent with his Complaint and denies the remaining allegations of paragraph 58.

59.     Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies the same.

60.     Gray denies paragraph 60.

## COUNT I: COPYRIGHT INFRINGEMENT

61.     In response to paragraph 61, Gray realleges his responses to paragraphs 1 through 60 as set forth above.

62.     Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies the same.

63.     Gray lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies the same.

64.     The allegations of paragraph 64 constitute legal conclusions to which no response is required. To the extent a response is required, Gray denies the same.

65.     Gray denies paragraph 65.

66.    Gray denies paragraph 66.

67.    Gray denies paragraph 67.

68.    Gray denies paragraph 68.

69.    Gray denies paragraph 69.

70.    Gray denies paragraph 70.

## COUNT II: FRAUD

71.    In response to paragraph 71, Gray realleges his responses to paragraphs 1 through 70 as set forth above.

72.    Gray denies paragraph 72.

73.    Gray denies paragraph 73.

74.    Gray denies paragraph 74.

75.    Gray denies paragraph 75.

76.    Gray denies paragraph 76.

77.    Gray denies paragraph 77.

78.    Gray denies paragraph 78.

79.    Gray denies paragraph 79.

## AFFIRMATIVE DEFENSES

Without admitting any liability and reserving all rights, Gray alleges the following affirmative defenses. Gray expressly reserves the right to amend or supplement these defenses following discovery.

1.    **First Amendment.** PPC's claims are barred in whole or in part by the First Amendment. Screenplays are a form of expression that fall squarely within the protections of the First Amendment, as is the right to speak or remain silent/anonymous concerning one's creative

7

works. PPC's claims for copyright infringement and fraud have the purpose and effect of chilling Gray's exercise of his First Amendment right to freedom of speech, including through the statutory fair use defense that effectuates the First Amendment right.  Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

2.    **Litigation Privilege.** PPC's claims are barred in whole or in part by the common-law litigation privilege existing under New York law and inhering in the Copyright Act because there is no clear and unambiguous expression by Congress of an intent to abrogate this well-established common law privilege. PPC's claims are intended to, and in fact, punish Gray for engaging in protected conduct seeking to vindicate his legal rights through legal channels and depend for their proof on evidence excludable because it was created during and through such protected conduct, namely, transmission of the January 23, 2023 Statement to PPC through counsel and this lawsuit. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

3.    ***Noerr-Pennington* Doctrine.** As a corollary to the First Amendment and Litigation Privilege defenses, and for the same reasons, PPC's claims are barred, in whole or in part, under the *Noerr-Pennington* doctrine for their intent to punish, and in fact punishing, Gray for engaged in protected petitioning activity. *United Mineworkers of America v. Pennington*, 381 U.S. 657 (1965); *Eastern R.R. Presidents' Conf. v. Noerr Motor Freight*, 365 U.S. 127 (1961). Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

4.    **Authorization/Consent.** PPC's claims are barred in whole or in part by the authorization and/or consent of PPC through its agents and employees. Any alleged use by Gray

8

of PPC material was authorized and/or consented to, expressly or impliedly through PPC's agents and employees, including but not limited to Eric Singer and Joseph Kosinski, acting with actual or apparent authority, and in the context of PPC's development of the film. Gray's alleged silence was consented to and/or authorized by PPC's same agents, to whom Gray repeatedly raised issues of credit, attribution, and/or compensation and who repeatedly directed him to remain silent and await future resolution of such issues. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

5.    **Actual or Apparent Authority.** PPC's personnel, including Singer and Kosinski had actual or apparent authority to solicit and accept Gray's contributions for PPC's benefit, and Gray reasonably relied on that authority. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

6.    **Express License.** PPC's claims are barred in whole or in part by the express licenses PPC granted to Singer and Kosinski to prepare derivative works, as to which Gray was part of the class of intended users and/or beneficiaries of the licenses granted to them. "A license is a complete defense to a claim for copyright infringement." *Latour v. Columbia Univ.*, 12 F. Supp. 3d 658, 661 (S.D.N.Y. 2014). PPC expressly authorized both Singer and Kosinski to prepare derivative works, as well as to utilize sufficient creative collaborators consistent with industry custom to complete their assigned tasks. Gray was such a creative collaborator and enjoys all benefits of the express license to Singer and Kosinski. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

7.    **Implied License.** PPC's claims are barred in whole or in part by the doctrine of implied license. PPC's course of conduct and communications created an implied, irrevocable,

nonexclusive license permitting Gray to prepare derivative works based on the "Assigned Material" and/or "Top Gun: Maverick" or "Top Gun" material provided to Singer and Kosinski, either directly or as part of the class of intended users and/or beneficiaries of the implied licenses granted to them. The Second Circuit has pointed to two possible tests to determine whether an implied license to a copyright exists. *ABKCO Music, Inc. v. Sagan*, 50 F.4th 309, 320 (2d Cir. 2022). One is a "narrow test," whereby courts will "find[] an implied license only where [i] one party created a work at the other's request and [ii] handed it over, [iii] intending that the other copy and distribute it." *Id.* (cleaned up). The other is a "more permissive test" whereby "consent may be inferred based on silence where the copyright holder knows of the use and encourages it." *Id.* (cleaned up). PPC provided Gray with any material alleged to be infringed through Kosinski and Singer, and subject to ongoing discovery with knowledge of Gray's status and role as a writer, with the intent that a derivative work be prepared. PPC has had knowledge of Gray's contributions, to the extent they were based on any copyrightable and copyrighted materials of PPC, since at the latest January 23, 2023, yet continued to exploit the alleged derivative work. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

8.    **Estoppel.** PPC's claims are barred in whole or in part by the doctrines of estoppel. PPC is estopped from asserting its claims and has waived them by its conduct, including its acceptance, use, and exploitation of Gray's contributions and its failure to object or disclose any purported restriction, including after PPC's receipt of the January 23, 2023 statement. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

9.      **Waiver.** PPC's claims are barred in whole or in part by the doctrine of waiver. PPC has waived its claims and has waived them by its conduct, including its acceptance, use, and exploitation of Gray's contributions and its failure to object or disclose any purported restriction, including after PPC's receipt of Gray's January 23, 2023 statement to PPC. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

10.      **No Willfulness; Good Faith.** PPC's claims are barred in whole or in part by Gray's good faith and lack of willful actionable conduct, if any exists. Gray acted at all times in good faith and without knowledge or reason to know of any alleged infringement or wrongful conduct, which Gray disputes; punitive damages and/or an attorney fee award are unwarranted and unavailable on the facts alleged. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

11.      ***De Minimis* Infringement.** PPC's claims are barred, in whole or in part, because any infringement by Gray, which he disputes, of PPC's allegedly copyrightable and copyrighted material was, at most, *de minimis* and not actionable. If a defendant's "copying is *de minimis* and so 'trivial' as to fall below the quantitative threshold of substantial similarity, the copying is not actionable." *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008). Here, to the extent that *Maverick* bears similarity to PPC's prior works— including PPC's intellectual property from *Top Gun* and the earlier *Top Gun: Maverick* screenplay drafts and treatments—upon "extract[ing] the unprotectible elements from [] consideration and ask[ing] whether the protectible elements, standing alone, are substantially similar," the answer is no. *See Nobile v. Watts*, 747 F. App'x 879, 882 (2d Cir. 2018). Further, in the absence of any exploitation by Gray and consequently no damage to Paramount, any

infringement and/or fraud is in fact so *de minimis* as not to be actionable at all. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

12. **Innocent Infringement.** To the extent that Gray infringed any PPC material both copyrightable and copyrighted, which he disputes, any damages, including statutory damages awarded to PPC should be reduced because Gray was not aware and had no reason to believe that his acts would constitute an infringement of copyright. "An innocent infringer must prove that he 'was not aware and had no reason to believe that his or her acts constituted infringement.'" *Bryant v. Europadisk, Ltd.*, 2009 WL 1059777, at *7 (S.D.N.Y. Apr. 15, 2009), *aff'd sub nom. Bryant v. Media Right Prods., Inc.*, 603 F.3d 135 (2d Cir. 2010) (quoting *Eastern Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F.Supp.2d 395, 419 (S.D.N.Y. 2000)). Here, Gray did not know—and had no reason to believe—that any acts alleged to be infringing were in fact so. Further, in the absence of exploitation by Gray and damages to Paramount, the mere presence of statutory damages is insufficient to confer Article III standing on Paramount to sue in federal court. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

13. **Copyright Preemption.** To the extent PPC's fraud claim seeks to impose liability based on rights equivalent to those protected by the Copyright Act, it is preempted. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

14. **Statute of Limitations.** PPC's claims are barred in whole or in part on the basis of the applicable statutes of limitations. PPC's copyright claim accrued more than three years before it filed. 17 U.S. Code § 507. PPC's fraud claim accrued more than six years before filing

and was not brought within two years of its discovery. CPLR 213(8). Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

15.    **Laches.** PPC's fraud claim is barred, in whole or in part, by laches, including PPC's own omissions, unreasonable delays, failures to implement customary contracting practices, and acceptance and exploitation of Gray's contributions without objection or compensation. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

16.    **Unclean Hands.** PPC's claims are barred, in whole or in part, by unclean hands, including PPC's own omissions, failures to implement customary contracting practices, and acceptance and exploitation of Gray's contributions without objection or compensation. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

17.    **Unjust Enrichment**. PPC's claims are barred, in whole or in part, by the unjust enrichment that would result from permitting PPC to benefit from Gray's work without compensation or credit, rendering PPC's benefit unfair. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

18.    **Scènes à Faire and Unprotectable Elements.** PPC's claims are barred, in whole or in part, because any of the "Assigned Material" and/or "Top Gun: Maverick" or "Top Gun" material alleged to be infringed involves unprotectable ideas, stock elements, historical facts, and scènes à faire, not protectable expression. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

19.    **No Duty To Inform.** PPC's fraud claim is barred, in whole or in part, because Gray had no duty to disclose to PPC, particularly in light of Singer and/or Kosinski's actual knowledge of his writing on of the *Top Gun: Maverick* screenplay and their control of the screenplay development process. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

20.    **No Reliance; No Damages.** PPC's fraud claim is barred, in whole or in part, because PPC did not reasonably rely on any alleged concealment and cannot establish legally cognizable damages or causation as required for fraud. Gray incorporates the preceding and following affirmative defenses, as well as his answer and Complaint, as if fully stated hereunder.

21.    **Reservation.** Gray reserves the right to assert additional defenses as discovery progresses.

## PRAYER FOR RELIEF

Wherefore, Gray respectfully requests that the Court enter judgment in his favor on PPC's Counterclaims as follows:

1.    Dismissing PPC's Counterclaims in their entirety with prejudice;

2.    Awarding Gray his costs of suit and reasonable attorneys' fees as permitted by law;

3.    Denying PPC's request for damages, punitive damages, and any other relief; and

4.    Granting such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

14

Respectfully submitted:

DATED: November 3, 2025          **TOBEROFF & ASSOCIATES, P.C.**

*/s/ Marc Toberoff*
Marc Toberoff

mtoberoff@toberoffandassociates.com
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiff Shaun Gray*

15