UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN GRAY, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>PARAMOUNT GLOBAL, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; PARAMOUNT STREAMING SERVICES INC., a Delaware corporation; and DOES 1-10,<br><br>                Defendants.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation;<br><br>                Counterclaim-Plaintiff,<br><br>vs.<br><br>SHAUN GRAY, an individual,<br><br>                Counterclaim-Defendant, | Civil Action No. 1:25-cv-3484 |

**DECLARATION OF MOLLY M. LENS IN SUPPORT
OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I, Molly M. Lens, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at O'Melveny & Myers LLP, counsel for Defendants Paramount Global, Paramount Pictures Corporation, and Paramount Streaming Services Inc. (collectively, "Defendants" or "Paramount") in this action, and a member of the Bar of this Court. I submit this declaration in support of Defendants' Motion for Summary Judgment, based on my personal knowledge and review of the documents referenced herein. If called and sworn as a witness, I could and would testify competently thereto.

### The "Gray Scenes"

2. Attached hereto as **Exhibit 1** is a true and correct copy of the document that Plaintiff Shaun Gray identifies as "Gray Scene 1," produced by Gray in this litigation with the Bates range GRAY0001–0002 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the document Gray identifies as "Gray Scene 2," produced by Gray in this litigation with the Bates range GRAY0003–0009 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

4. Attached hereto as **Exhibit 3** is a true and correct copy of a 12-page document that includes the pages that Gray identifies as "Gray Scene 2," produced by Gray in this litigation with the Bates range GRAY4780–4791. Specifically, Gray identifies pages GRAY4785–4791 as "Gray Scene 2."

5. Attached hereto as **Exhibit 4** is a true and correct copy of the document Gray identifies as "Gray Scene 3," produced by Gray in this litigation with the Bates range GRAY0010–

0018 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the document Gray identifies as "Gray Scene 4," produced by Gray in this litigation with the Bates range GRAY0019–0025 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the document Gray identifies as "Gray Scene 5," produced by Gray in this litigation with the Bates range GRAY0026–0027 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

8. Attached hereto as **Exhibit 7** is a true and correct copy of the document Gray identifies as "Gray Scene 6," produced by Gray in this litigation with the Bates range GRAY0028–0036 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

9. Attached hereto as **Exhibit 8** is a true and correct copy of a 10-page document that includes the pages that Gray identifies as "Gray Scene 6," produced by Gray in this litigation with the Bates range GRAY4824–4833. Specifically, Gray identifies pages GRAY4825–4833 as "Gray Scene 6."

10. Attached hereto as **Exhibit 9** is a true and correct copy of the document Gray identifies as "Gray Scene 7," produced by Gray in this litigation with the Bates range GRAY0037–0038 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

11. Attached hereto as **Exhibit 10** is a true and correct copy of the document Gray

identifies as "Gray Scene 8," produced by Gray in this litigation with the Bates range GRAY0039–0046 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

12. Attached hereto as **Exhibit 11** is a true and correct copy of the document Gray identifies as "Gray Scene 9," produced by Plaintiff Shaun Gray in this litigation with the Bates range GRAY0047–0053 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the document Gray identifies as "Gray Scene 10," produced by Gray in this litigation with the Bates range GRAY0054–0055 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

14. Attached hereto as **Exhibit 13** is a true and correct copy of the document Gray identifies as "Gray Scene 11," produced by Gray in this litigation with the Bates range GRAY0056–0072 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

15. Attached hereto as **Exhibit 14** is a true and correct copy of the document Gray identifies as "Gray Scene 12," produced by Gray in this litigation with the Bates range GRAY0073–0084 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

16. Attached hereto as **Exhibit 15** is a true and correct copy of the document Gray identifies as "Gray Scene 13," produced by Gray in this litigation with the Bates range GRAY0085–0098 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

17. Attached hereto as **Exhibit 16** is a true and correct copy of a 145-page document that includes the pages that Gray identifies as "Gray Scene 12" and "Gray Scene 13," produced by Gray in this litigation with the Bates range GRAY7696–7840. Specifically, Gray identifies pages GRAY7810–7821 as "Gray Scene 12" and GRAY7827–7840 as "Gray Scene 13."

18. Attached hereto as **Exhibit 17** is a true and correct copy of the document Gray identifies as "Gray Scene 14," produced by Gray in this litigation with the Bates range GRAY0099–0104 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

19. Attached hereto as **Exhibit 18** is a true and correct copy of the document Gray identifies as "Gray Scene 15," produced by Gray in this litigation with the Bates range GRAY0105–0108 in response to Paramount's specific request that he produce the Deposit Copies of the "Gray Scenes" that he caused to be filed with the United States Copyright Office.

20. Attached hereto as **Exhibit 19** is a true and correct copy of an August 17, 2017 email from Gray to non-party Eric Warren Singer, one of the credited screenwriters of *Top Gun: Maverick*, and to Christian Donovan, a writing assistant to Singer, attaching the document Gray identifies as "Gray Scene 1," produced by Gray in this litigation with the Bates range GRAY4773–4776. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

21. Attached hereto as **Exhibit 20** is a true and correct copy of an August 21, 2017 email from Gray to Singer and Donovan attaching a document that includes the pages that Gray identifies as "Gray Scene 2," produced by Gray in this litigation with the Bates range GRAY4778–4791. Specifically, Gray identifies pages GRAY4785–4791 as "Gray Scene 2." This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to

protect third-party privacy interests.

22. Attached hereto as **Exhibit 21** is a true and correct copy of an August 29, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 3," produced by Gray in this litigation with the Bates range GRAY4795–4805. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

23. Attached hereto as **Exhibit 22** is a true and correct copy of a September 9, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 4," produced by Gray in this litigation with the Bates range GRAY4807–4815. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

24. Attached hereto as **Exhibit 23** is a true and correct copy of a September 9, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 5," produced by Gray in this litigation with the Bates range GRAY4817–4820. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

25. Attached hereto as **Exhibit 24** is a true and correct copy of a September 14, 2017 email from Gray to Singer and Donovan attaching a document that includes the pages that Gray identifies as "Gray Scene 6," produced by Gray in this litigation with the Bates range GRAY4822–4833. Specifically, Gray identifies pages GRAY4825–4833 as "Gray Scene 6." This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

26. Attached hereto as **Exhibit 25** is a true and correct copy of a September 13, 2017

email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 7," produced by Gray in this litigation with the Bates range GRAY4835–4838. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

27. Attached hereto as **Exhibit 26** is a true and correct copy of a September 23, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 8," produced by Gray in this litigation with the Bates range GRAY4840–4849. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

28. Attached hereto as **Exhibit 27** is a true and correct copy of a September 27, 2017 email from Gray to Navy consultant John J. Cummings, copying Singer and attaching the document Gray identifies as "Gray Scene 9," produced by Gray in this litigation with the Bates range GRAY4851–4859. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

29. Attached hereto as **Exhibit 28** is a true and correct copy of an October 7, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 10," produced by Gray in this litigation with the Bates range GRAY4860–4863. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

30. Attached hereto as **Exhibit 29** is a true and correct copy of an October 9, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 11," produced by Gray in this litigation with the Bates range GRAY4865–4883. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to

protect third-party privacy interests.

31. Attached hereto as **Exhibit 30** is a true and correct copy of an October 12, 2017 email from Gray to Singer and Donovan attaching a 145-page document that includes the pages that Gray identifies as "Gray Scene 12" and "Gray Scene 13," produced by Gray in this litigation with the Bates range GRAY7695–7840. Specifically, Gray identifies pages GRAY7810–7821 as "Gray Scene 12" and GRAY7827–7840 as "Gray Scene 13." This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

32. Attached hereto as **Exhibit 31** is a true and correct copy of an October 14, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 14," produced by Gray in this litigation with the Bates range GRAY5033–5040. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

33. Attached hereto as **Exhibit 32** is a true and correct copy of an October 30, 2017 email from Gray to Singer and Donovan attaching the document Gray identifies as "Gray Scene 15," produced by Gray in this litigation with the Bates range GRAY5042–GRAY5047. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

<u>Communications</u>

34. Attached hereto as **Exhibit 33** is a true and correct copy of a July 20, 2019 email chain between Gray and Joseph Kosinski, the director of *Top Gun: Maverick*, produced by Gray in this litigation with the Bates range GRAY0445–446. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy

interests.

35. Attached hereto as **Exhibit 34** is a true and correct copy of a November 19, 2019 email chain between Gray and Emily Cheung, Kosinski's assistant, produced by Gray in this litigation with the Bates range GRAY10853–10854. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

36. Attached hereto as **Exhibit 35** is a true and correct copy of a May 30, 2022 email chain between Gray and Kosinski, copying Cheung, produced by Gray in this litigation with the Bates number GRAY10542. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

37. Attached hereto as **Exhibit 36** is a true and correct copy of a January 23, 2023 statement from Gray regarding his alleged role in writing a portion of Singer's draft screenplay for the *Top Gun* sequel, produced by Gray in this litigation with the Bates range GRAY10649–10657.

38. Attached hereto as **Exhibit 37** is a true and correct copy of a January 24, 2023 email (subject line "Top Gun Credit Issue") from Matt Saver (Gray's attorney) to Courtney Armstrong at Paramount, copying Gray, and the email's attachment (Gray's January 23, 2023 statement), produced by Paramount in this litigation with the Bates range PPC-GRAY-0085466–0085475. During his August 26, 2025 deposition, Gray testified that he recognized this email and attachment and that he wrote the attached statement.

39. Attached hereto as **Exhibit 38** is a true and correct copy of the Writers Guild of America's ("WGA") February 6, 2020 letter to those participating in the WGA credit arbitration relating to the writing credits for *Top Gun: Maverick*, produced by non-party WGA in this litigation with the Bates range WGAW 1826–1827.

40. Attached hereto as **Exhibit 39** is a true and correct copy of Gray's February 9, 2023 letter to the WGA in response to documents that Singer submitted to the WGA, produced by Gray in this litigation pursuant to the Court's September 2, 2025 Order (Dkt. 54) with the Bates range GRAY12034–12037.

41. Attached hereto as **Exhibit 40** is a true and correct copy of a February 9, 2023 email from Gray to WGA employee Kathy Christovich and Saver attaching a document dated February 9, 2023, produced by Gray in this litigation pursuant to the Court's September 2, 2025 Order (Dkt. 54) with the Bates range GRAY12006–12012. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

42. Attached hereto as **Exhibit 41** is a true and correct copy of a February 21, 2023 letter from Christovich to Gray, copying Saver, produced by Gray in this litigation with the Bates range GRAY12038–12039.

43. Attached hereto as **Exhibit 42** is a true and correct copy of a February 24, 2023 email chain between WGA employee Jessica Tammariello and Ehren Kruger, a credited screenwriter on *Top Gun: Maverick*, produced by non-party WGA in this litigation with the Bates range WGAW 1392–1395. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

44. Attached hereto as **Exhibit 43** is a true and correct copy of Gray's April 22, 2019 contract with Paramount Pictures Corporation for Season 1 of the television show *Shantaram*, produced by Paramount in this litigation with the Bates range PPC-GRAY-0000854–877.

45. Attached hereto as **Exhibit 44** is a true and correct copy of a January 25, 2023 email from Gray to Saver and Christovich, produced by Gray in this litigation with the Bates range

GRAY12001–12005.  This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy interests.

### Gray's Work for Singer

46. Attached hereto as **Exhibit 45** is a true and correct copy of an October 6, 2015 agreement between Gray, on the one hand, and Singer and Bullsh!t Artists (Singer's loan-out company), on the other, produced by Gray in this litigation with the Bates range GRAY10563–10565.

47. Attached hereto as **Exhibit 46** is a true and correct copy of Gray's 2018 resume, produced by Gray in this litigation with the Bates range GRAY12032–12033.  During his August 26, 2025 deposition, Gray testified that he recognized and prepared this document.

### Gray's Copyright Registrations

48. Attached hereto as **Exhibit 47** is a true and correct copy of Gray's copyright application for "Gray Scene 1," produced by Gray in this litigation with the Bates range GRAY10524–10526.

49. Attached hereto as **Exhibit 48** is a true and correct copy of the copyright registration for "Gray Scene 1," produced by Gray in this litigation with the Bates range GRAY10533–10534.

50. Attached hereto as **Exhibit 49** is a true and correct copy of Gray's copyright application for "Gray Scenes" 2 through 8, produced by Gray in this litigation with the Bates range GRAY10527–10529.

51. Attached hereto as **Exhibit 50** is a true and correct copy of the copyright registration for "Gray Scenes" 2 through 8, produced by Gray in this litigation with the Bates range GRAY10535–10536.

52. Attached hereto as **Exhibit 51** is a true and correct copy of Gray's copyright application for "Gray Scenes" 9 through 15, produced by Gray in this litigation with the Bates range GRAY10530–10532.

53. Attached hereto as **Exhibit 52** is a true and correct copy of the copyright registration for "Gray Scenes" 9 through 15, produced by Gray in this litigation with the Bates range GRAY10537–10538.

54. Attached hereto as **Exhibit 53** is a true and correct copy of an April 9, 2024 letter from Marc Toberoff, Gray's attorney, to David Lopez at the United States Copyright Office, produced by Gray in this litigation with the Bates range GRAY10502–10503.

55. Attached hereto as **Exhibit 54** is a true and correct copy of an April 28, 2024 letter from Toberoff to Lopez, produced by Gray in this litigation with the Bates range GRAY10507–10508.

56. Attached hereto as **Exhibit 55** is a true and correct copy of a May 14, 2024 email from Toberoff to Lopez, produced by Gray in this litigation with the Bates number GRAY10509.

57. Attached hereto as **Exhibit 56** is a true and correct copy of a May 23, 2024 email from Lopez to Toberoff, produced by Gray in this litigation with the Bates range GRAY10510–10511.

58. Attached hereto as **Exhibit 57** is a true and correct copy of a June 4, 2024 letter from Toberoff to Lopez at the U.S. Copyright Office, produced by Gray in this litigation with the Bates number GRAY10513.

59. Attached hereto as **Exhibit 58** is a true and correct copy of a June 21, 2024 letter from Toberoff to Lopez, produced by Gray in this litigation with the Bates number GRAY10517.

60. Attached hereto as **Exhibit 59** is a true and correct copy of a July 11, 2024 email

from Lopez to Toberoff, produced by Gray in this litigation with the Bates number GRAY10523.

### The *Top Gun* Films

61. Pursuant to this Court's October 24, 2025 Order (Dkt. 71), lodged herewith as **Exhibit 60** is a true and correct DVD copy of the 1986 film *Top Gun*, produced by Paramount in this litigation with the Bates number PPC-GRAY-0086151.

62. Pursuant to this Court's October 24, 2025 Order (Dkt. 71), lodged herewith as **Exhibit 61** is a true and correct DVD copy of the 2022 film *Top Gun: Maverick*, produced by Paramount in this litigation with the Bates number PPC-GRAY-0086152.

### Search of Paramount's Records

63. Without waiving any applicable privileges, including the attorney-client privilege and work-product doctrine, I further declare as follows: at my direction, in response to Gray's assertions, Paramount conducted various searches of its records, both electronic and hard copy, to ascertain whether Gray's claim to be a writer for *Top Gun: Maverick* was known to Paramount prior to January 23, 2023. These searches of Paramount's records identified only one document mentioning Gray in connection with *Top Gun: Maverick* prior to Paramount's receipt of the January 23, 2023 statement from Gray: an August 22, 2017 email exchange with Donovan, a writing assistant to Singer, regarding a meeting that Singer was slated to attend later that day at Paramount. In the email, Donovan requested "drive-on" privileges for "[Singer's] assistant, Shaun Gray." Donovan followed up later that day to advise that Donovan "will now be driving, so please amend our list to Eric Singer and Christian Donovan." Attached hereto as **Exhibit 62** is a true and correct copy of the aforementioned email exchange, produced by Paramount in this litigation with the Bates range PPC-GRAY-0085603–0085613. This Exhibit has been minimally redacted to partially remove third-party email address information, in an effort to protect third-party privacy

interests.

## Litigation Materials

64. Attached here to as **Exhibit 63** is a true and correct copy of Gray's July 21, 2025 Responses and Objections to Paramount's First Set of Requests for Admission.

65. Attached hereto as **Exhibit 64** is a true and correct copy of excerpts from the transcript of Gray's August 26, 2025 deposition in this litigation.

66. Attached hereto as **Exhibit 65** is a true and correct copy of excerpts from the transcript of Gray's September 22, 2025 deposition in this litigation.

67. Attached hereto as **Exhibit 66** is a true and correct copy of excerpts from the transcript of Singer's September 8, 2025 deposition in this litigation.

68. Attached hereto as **Exhibit 67** is a true and correct copy of excerpts from the transcript of Jonathan Stephen Gonda's September 4, 2025 deposition in this litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 7, 2025.

By: *[signature: Molly M. Lens]*

Molly M. Lens