# EXHIBIT 54

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
*mtoberoff@toberoffandassociates.com*

April 28, 2024

<u>Via Email</u>

David S. Lopez
Copyright Examiner
Registration Policy & Practice
United States Copyright Office

**RE:**   <u>**U.S. Copyright Office Application - 1-13556515531 Scenes for screenplay about military
pilots by Shaun Gray (2017)**</u>

Dear Mr. Lopez:

Based on the facts currently available to us—which may change during the course of the discovery
process in the anticipated litigation—we make the following responsive factual and legal assertions:

1. The work submitted for registration ("Work") was solely authored by Shaun Gray ("Gray"). To
   be clear, the Work contains no authorship from any other individual or entity. The material
   submitted for registration, as such, is not itself a jointly authored work.

2. Paramount Pictures Corp.'s ("PPC") final published screenplay ("Final Screenplay") for its film
   *Top Gun: Maverick* (the "Film") at issue may be initially viewed as a joint work in the sense that
   the contributions of more than one author were merged into inseparable or interdependent parts
   of a unitary whole. However, Gray did not assign or license his Work to PPC, nor did Gray's
   Work qualify as the "work made for hire" of PPC (or of any other person or entity). Accordingly,
   PPC did not have the legal authority to incorporate Gray's Work into either the Final Screenplay
   or the Film.

3. As Gray's Work secured statutory copyright upon fixation, he should therefore be permitted to
   register it with the Copyright Office. It is Gray's position that PPC's Final Screenplay and the
   Film infringed his Work due to the unauthorized copying and exploitation of Gray's protected
   expression.

4. In the alternative, and in the event the federal courts ultimately decide that the Final Screenplay
   qualifies as joint work with respect to Gray, the only two co-authors of said joint work would be
   Gray and PPC, as the statutory co-author. This is because all other expression in the Final
   Screenplay (apart from Gray's) came from individuals (i.e., Ehren Kruger, Eric W. Singer and
   Christopher McQuarrie) who contributed to the Final Screenplay pursuant to customary work-
   for-hire employment agreements with PPC.

GRAY10507

# TOBEROFF & ASSOCIATES, P.C.

April 28, 2024
David S. Lopez
Page: 2

The final determination of the foregoing issues will be made by the federal courts. Our apprehension in making definitive legal conclusions regarding the ultimate status of the work is because our intention is to reserve our client's rights and remedies while seeking declaratory and alternative relief on the subject in federal court. Federal courts routinely allow plaintiffs to allege copyright infringement or co-authorship in the alternative. *See, e.g., Robertson v. Burdon*, 2019 WL 2141971 (C.D. Cal. Apr. 3, 2019) (citing Fed. R. Civ. P. 8(d)(3)) (permitting alternative joint authorship and infringement claims, overruling arguments that one nullified the other); *Johnson v. Arista Holding, Inc.*, 2006 WL 3511894 (S.D.N.Y. Dec. 5, 2006) ("The fact that plaintiff intended to be a joint author with Smith does not necessarily preclude his claim for copyright infringement.").

While reserving all our client's legal rights and remedies, our good faith intention is to nonetheless endeavor to answer all your questions to the best of our current ability. If given the above the Copyright Office believes that registration of Gray's Work should be done with an "adverse claim" designation we are fine with that as well.

Thank you again for your kind attention to this matter.

Sincerely,

Marc Toberoff

GRAY10508