# EXHIBIT 5

## MEMORANDUM OF AGREEMENT
### (Directing Services – Loanout)

A.  DATE.         As of June 12, 2017.

B.  COMPANY.      PARAMOUNT PICTURES CORPORATION ("Company").

C.  LENDER.       MONOLITH, INC. ("Lender"), a California corporation (Federal ID# 42-1754321), furnishing the directing services of Director.

D.  DIRECTOR.     JOSEPH KOSINSKI ("Director"), a citizen of the United States of America, with a principal place of residence in Los Angeles, California.

E.  PICTURE.      "TOP GUN: MAVERICK" ("Picture").

1. CONDITIONS PRECEDENT. Company shall have no obligation under this Agreement unless and until Company has received the following in form and substance satisfactory to Company:

   1.1  A fully signed copy of this Agreement.

   1.2  A completed Form W-9 confirming the Federal ID number for Lender and any other documentation required for Company to pay Lender.

   1.3  An original completed Form I-9 confirming the social security number for Director signed by Director with the documentation required in connection therewith and/or other appropriate documentation as may be required to enable Director to render services hereunder.

2. DEVELOPMENT.

   2.1  Services. Lender shall lend and furnish the services of Director to Company, and Director shall render for Company all services customarily rendered during development by directors in the motion picture industry (including, without limitation, supervision of the screenplay writer(s) engaged for the Picture) and as reasonably required by Company for the Picture (it being understood that Company's instructions regarding matters of artistic taste and judgment are, per se, reasonable). Director's services during development shall be rendered on a non-exclusive basis, provided that Director's services on other projects do not materially interfere with Director's services under this Agreement.

1

commenced with Director as director thereof; or (iii) the occurrence of the latest of all of the following:

    3.2.1    Company has approved in writing, in its sole discretion, the final shooting script, final budget, and final in-going production and post-production schedules for the Picture; and

    3.2.2    2 principal cast members and the producer(s) have been made unconditionally "Pay or Play" for their fixed compensation pursuant to signed agreements for such individuals' services in connection with the Picture; and

    3.2.3    Company has given notice to Director of the firm date for the scheduled start of principal photography of the Picture with Director as the director thereof ("Start Date"); and

    3.2.4    All of the Conditions Precedent in Paragraph 1 have been satisfied.

If Director becomes "Pay or Play," Company shall be obligated to pay Lender the cash compensation set forth in Paragraph 4.2.1 below and the vested portion, if any, of the contingent compensation set forth in Paragraph 4.2.2b. below, in accordance with the terms thereof, and Lender and Director shall be obligated to render services to Company in accordance with the terms hereof (unless Company terminates Director's services in accordance with the provisions of this Paragraph 3).

4.    PRODUCTION SERVICES AND COMPENSATION.

    4.1    Services. If Company elects to proceed to production with Director as director of the Picture, Lender shall lend and furnish the services of Director to Company, and Director shall personally render all customary director services during pre-production, production and post-production of the Picture as reasonably required by Company (it being understood that Company's instructions regarding matters of artistic taste and judgment are, per se, reasonable). Lender shall cause Director to direct the Picture in accordance with the production schedule and budget approved by Company. Such services shall become exclusive to Company commencing eight (8) weeks prior to the Start Date ("Pre-production Period"), and continuing through delivery of the Director's cut; thereafter, Director's services shall be rendered on a non-exclusive, first priority basis until delivery to Company of the completed Picture (including all television coverage and home entertainment materials), in accordance with Company's approved post-production delivery

CONFIDENTIAL    PPC-GRAY-0000422

services in connection with the Picture shall not in any way affect Company's ownership of the results and proceeds of Director's services under this Agreement.

14.7 **Dispute Resolution.** All claims, controversies or disputes arising out of, in connection with, or relating to this Agreement, the performance or breach thereof or default hereunder, whether based on contract, tort or statute, including, without limitation, any claim that this Agreement was induced by fraud ("Covered Claims"), shall be resolved by binding arbitration in Los Angeles, California, in accordance with Exhibit "ARB" and the Rider thereto, both of which are attached hereto and incorporated herein by this reference.

IN WITNESS WHEREOF, the parties hereto have signed and delivered this Agreement as of the date first above written.

PARAMOUNT PICTURES CORPORATION

PK By: _____
          Allison S. Gray
Title: ____EVP, Legal Affairs & Corporate____

ACCEPTED AND AGREED TO, including, without limitation, Exhibit "ARB":

**MONOLITH, INC.,**
a California corporation

By: _____

Title: PRESIDENT

By countersigning this Agreement, the undersigned confirms all grants made by Lender and agrees to perform the services herein provided for in accordance with the terms hereof, and the undersigned will look solely to Lender for any and all compensation under this Agreement.

_____
**JOSEPH KOSINSKI**

20

KOSINSKI - Director - Main Agreement - TOP GUN 2 (2011) - Jun 12, 2017 [ MPL-010640 v 5.1 ].docx

CONFIDENTIAL                                                                                                            PPC-GRAY-0000438

## SCHEDULE I

## ADDITIONAL TERMS AND CONDITIONS (LOANOUT)

Attached to the Memorandum of Agreement dated as of June 12, 2017 ("Agreement"), between PARAMOUNT PICTURES CORPORATION (therein and herein "Company") and MONOLITH, INC. (therein and herein "Lender") for the directing services of JOSEPH KOSINSKI (therein "Director" and herein "Artist") in connection with the motion picture project currently entitled "TOP GUN: MAVERICK" ("Picture").

1. <u>RIGHTS</u>. Lender and Artist agree and warrant that all results and proceeds of every kind of the services heretofore and hereafter rendered by Artist in connection with the Picture, including, without limitation, any and all literary and musical material, designs and inventions and other material, whether in writing or not in writing, at any time heretofore or hereafter written, conceived, submitted, and/or contributed by Artist pursuant to the Agreement, or otherwise if relating to the Picture, (collectively "Material"), either alone or in collaboration with others, shall be deemed a "work made for hire" for Company within the meaning of the copyright laws of the United States or any similar or analogous law or statute of any other jurisdiction. If, or to the extent for any reason in any country, any or all such Material is not recognized to be a "work made for hire," then Lender and Artist hereby irrevocably and absolutely assign to Company all of Lender's and Artist's respective rights in such Material, whether copyrights or otherwise and whether now or hereafter known, and including all renewals and extensions of such rights as may now or hereafter exist. Accordingly, Company shall be the sole and exclusive owner of such Material and all rights therein for all purposes, including, but not limited to, in connection with the distribution, exhibition, advertising and exploitation of the Picture or any part thereof, in all media and by all means now known or which may hereafter be devised, throughout the universe in perpetuity. Any services including, without limitation, writing and/or acting services, rendered by Artist in connection with the Picture shall be covered by the preceding sentences (unless Company and Lender have entered into a separate written agreement for such services), and sums otherwise payable under the Agreement shall be deemed full payment for such services. If any sums are required to be paid pursuant to any collective bargaining agreement(s), then compensation shall be deemed paid at applicable minimum scale, and sums payable under the Agreement shall be deemed an advance against such minimum payment(s) to the full extent permitted by such collective bargaining agreement(s). Company shall also have the right to use Artist's name and likeness and biographical data in connection with the distribution, exhibition, advertising and exploitation of the Picture, including, without limitation, in connection with any website for the Picture. Lender and Artist shall not, without Company's prior written

1