# EXHIBIT 21



**WRITERS GUILD OF AMERICA WEST**

**LEGAL SERVICES DEPARTMENT**

PHONE 323.782.4521
KCHRISTOVICH@WGA.ORG

February 21, 2023

KATHERINE CHRISTOVICH
ASSISTANT GENERAL COUNSEL

<u>SENT VIA ELECTRONIC MAIL</u>

Shaun N. Gray
3949 Las Flores Canyon Road
Malibu, CA 90265-5236
shaungray944@yahoo.com

Re: <u>Top Gun: Maverick</u>

Dear Shaun:

You contacted me on January 23, 2023, to ask the Guild to determine whether there was a claim to be made under the WGA collective bargaining agreement (the "MBA") based on the assertion that you performed writing services on the theatrical motion picture *Top Gun: Maverick* ("TGM"). As I will explain, the Guild has concluded that there is no viable claim the Guild could bring under the MBA, in light of the passage of time since the performance of the alleged writing services and the determination of writing credits for TGM.

The Guild investigated your claim. In addition to reviewing all of the information you provided to us, the Guild reviewed and considered (1) internal WGAW records, including compensation and credit determination records relative to TGM; (2) a position statement and documentary evidence provided by Eric Singer and his representatives; and (3) the position of Paramount Pictures, the producer of TGM.

While there is disagreement between aspects of your account and Mr. Singer's, the basic timeline is not in dispute. The writing services you allegedly performed on TGM were in 2017, ahead of commencement of principal photography for the picture in May 2018. You were admitted to membership in the WGAW on August 31, 2019, based on writing employment on another project, but did not refer to your alleged employment on TGM as part of that application process. Mr. Singer provided us with a text message exchange between the two of you dated November 18, 2019, which you've confirmed is authentic. That text message refers to the credit determination for TGM, but doesn't raise the contention that you performed writing services or should have been considered a participating writer on the project. The credits for TGM became final on March 14, 2020.

The MBA provides that claims related to employment on theatrical motion pictures must be brought within 18 months of the time within which the parties knew or should have known of the underlying facts upon which the claim is based. What's more, in no event may claims be brought more than four years after the alleged breach of the agreement, regardless of parties' knowledge. Here, since any breach of contract relating to your alleged employment occurred more than four years ago, any claim brought by the Guild at this point would be time barred. See MBA Art. 11.A.2.a-b.

GRAY12038

Based on the above analysis, the Guild is declining to initiate a claim based on your alleged performance of writing services on TGM. Having said that, I want to emphasize the narrowness of our inquiry. The only question we considered is whether there is a basis for the Guild to bring a claim under the MBA. We are expressing no opinion about the rights or potential claims you may have under any other contract or legal theory.

Please contact me with any questions.

Best regards,

Katherine Christovich
Assistant General Counsel

CC:
Matt Saver <matt@saverco.com>

GRAY12039