UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SHAUN GRAY, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>PARAMOUNT GLOBAL, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; PARAMOUNT STREAMING SERVICES INC., a Delaware corporation; and DOES 1-10,<br><br>        Defendants.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation;<br><br>        Counterclaim-Plaintiff,<br><br>vs.<br><br>SHAUN GRAY, an individual,<br><br>        Counterclaim-Defendant, | Civil Action No. 1:25-cv-3484-JSR<br><br>[PROPOSED] ORDER GRANTING JOINT REQUEST FOR ENTRY OF FINAL JUDGMENT AS TO PLAINTIFF'S COMPLAINT PURSUANT TO RULE 54(B) AND STAY OF COUNTERCLAIMS |

      Before this Court is the Parties' joint request for entry of final judgment as to Plaintiff Shaun Gray's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 54(b) and for stay of Counterclaims (the "Joint Request"), as presented to the Court during a telephonic conference on January 30, 2026. For the reasons stated herein, the Court **GRANTS** the Parties' Joint Request.

      In his Complaint, Plaintiff advanced three causes of action concerning his alleged written contributions to the film *Top Gun: Maverick*: (1) declaratory judgment of joint authorship and joint ownership; (2) copyright infringement; and (3) accounting. ECF No. 1. Defendants

1

Paramount Global, Paramount Pictures Corporation ("PPC"), and Paramount Streaming Services (collectively, "Paramount") moved to dismiss Plaintiff's Complaint for failure to state a claim for relief, and this Court granted in part and denied in part Paramount's motion on July 30, 2025, for the reasons provided on August 8, 2025. ECF Nos. 29, 40. Specifically, the Court dismissed with prejudice Plaintiff's claims for declaratory judgment of joint authorship and joint ownership and accounting, but permitted Plaintiff's claim for copyright infringement to proceed. *Id.*

Paramount then filed an Answer to Plaintiff's Complaint along with Counterclaims by PPC for copyright infringement and fraud. ECF Nos. 48, 56. Plaintiff and Paramount each proceeded to move for summary judgment as to the other's claims. On January 9, 2026, this Court granted Paramount's motion for summary judgment on Plaintiff's copyright infringement claim and denied Plaintiff's motion for summary judgment as to PPC's Counterclaims. ECF No. 128. Trial on PPC's Counterclaims was set to commence on March 9, 2026.

On January 30, 2026, the Parties jointly contacted the Court to request that the Court enter final judgment as to Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 54(b) and stay PPC's Counterclaims pending Plaintiff's intended appeal as to Plaintiff's claims. The Parties explained that Plaintiff intends to appeal this Court's rulings on Paramount's motion to dismiss and motion for summary judgment. The Parties further explained that PPC's Counterclaims are interconnected with Plaintiff's Complaint, and that PPC would dismiss its Counterclaims with prejudice if this Court's judgment is affirmed, so as to avoid the expenditure of party and judicial resources associated with a trial. The Parties maintained their respective positions as to the merits of an appeal.

Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or

when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court believes the criteria of Rule 54(b) are satisfied here and finds no just reason for delay of judgment and of Plaintiff's contemplated appeal as to the claims asserted in Plaintiff's Complaint. If this Court's judgment as to Plaintiff's Complaint is affirmed on appeal, then there will be no trial because PPC will stipulate to dismiss its Counterclaims with prejudice. Even if this Court's judgment as to Plaintiff's Complaint is reversed on appeal, this case will nonetheless proceed more efficiently because all Parties' interrelated claims can be tried together in a single trial without the need to call the same witnesses and present the same evidence and empanel a jury twice.

In addition, the Court finds that a stay of PPC's Counterclaims pending resolution of the anticipated appeal as to Plaintiff's Complaint is warranted. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 507 (S.D.N.Y. 2019) (brackets and citations omitted). "The decision whether to issue a stay is therefore firmly within a district court's discretion." *Id.* (brackets, quotation marks, and citations omitted). The Court finds that a stay will serve the interests of all Parties and the Court alike for the reasons already stated; that it will prejudice no party or non-party (and indeed has been jointly requested by all Parties); and that it will serve the public interest through avoiding the unnecessary expenditure of party and judicial resources.

Accordingly, it is hereby **ORDERED** that:

(1) Final judgment shall be entered as to Plaintiff's Complaint pursuant to Federal Rule

of Civil Procedure 54(b);

(2) All proceedings concerning PPC's Counterclaims shall be stayed during the pendency of Plaintiff's anticipated appeal as to Plaintiff's Complaint, with the Parties to notify this Court of the resolution of the appeal within fourteen (14) days of the issuance of the mandate from the Second Circuit; and

(3) The Final Pretrial Conference set for February 23, 2026, and the trial set for March 9, 2026, in this action shall be taken off calendar.

**SO ORDERED.**

Dated: _____2/9/____, 2026

_____
Hon. Jed S. Rakoff
United States District Judge