UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUN GRAY, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>PARAMOUNT GLOBAL, a Delaware corporation; PARAMOUNT PICTURES CORPORATION, a Delaware corporation; PARAMOUNT STREAMING SERVICES INC., a Delaware corporation; and DOES 1-10,<br><br>                Defendants.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation;<br><br>                Counterclaim-Plaintiff,<br><br>vs.<br><br>SHAUN GRAY, an individual,<br><br>                Counterclaim-Defendant, | Civil Action No. 1:25-cv-3484-JSR<br><br>[PROPOSED] ORDER GRANTING JOINT REQUEST FOR STAY OF DEADLINES UNDER RULE 54(D) |

      Before this Court is the Parties' joint request for a stay of the deadlines for Defendants Paramount Global, Paramount Pictures Corporation ("PPC"), and Paramount Streaming Services (collectively, "Paramount") to seek to recover costs and/or file a motion for attorney's fees (the "Joint Request"), as presented to the Court during a telephonic conference on January 30, 2026 and as modified herein. For the reasons stated herein, the Court **GRANTS** the Parties' Joint Request.

      The Court has determined it is appropriate to enter judgment on Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 54(b) for the reasons set forth in its concurrently

filed Order. On January 30, 2026, the Parties jointly contacted the Court to request that, if the Court entered judgment on Plaintiff's Complaint as indicated, the Court stay the deadline for Defendants to file a motion for attorney's fees until after the resolution of Plaintiff's contemplated appeal.

Federal Rule of Civil Procedure 54(d)(1) permits a prevailing party to recover costs, with Local Rule 54.1(a) providing that any such request shall be filed within 30 days of judgment, unless extended by the Court for good cause shown. L.R. 54.1(a) further provides that costs shall not be taxed during the pendency of an appeal. Federal Rule of Civil Procedure 54(d)(2)(B) provides that the default deadline to file a motion for attorney's fees is fourteen (14) days after the entry of judgment, but that deadline can be altered if "a court order provides otherwise." Moreover, this Court also has an inherent power to stay proceedings as part of its authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 507 (S.D.N.Y. 2019) (citations omitted). "The decision whether to issue a stay is therefore firmly within a district court's discretion." *Id.* (brackets, quotation marks, and citations omitted).

The Court finds that a stay of the deadlines under Rule 54(d)(1) and (2) will serve the interests of all Parties and the Court alike, and that it will not prejudice any of the Parties (or any non-party).

Accordingly, it is hereby **ORDERED** that:

(1) Defendants' deadlines to seek costs and/or file a motion for attorney's fees under Federal Rule of Civil Procedure 54(d)(1) and (2), respectively, are **STAYED** in anticipation of and during the pendency of Plaintiff's forthcoming appeal as to Plaintiff's Complaint. If this Court's judgment is affirmed, Defendants shall file any request for costs and/or motion for

attorney's fees concerning Plaintiff's Complaint within thirty (30) days of the issuance of the mandate from the Second Circuit.

**SO ORDERED.**

Dated: \_\_\_\_\_2/7/\_\_\_\_\_, 2026

_____
Hon. Jed S. Rakoff
United States District Judge